UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 08-6934 CAS (VBKx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | JOSE ESTRADA v. IN-N-OUT BURGER | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Morse Mehrban | George McNamee, III |

**Proceedings:** **PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT** (filed 11/21/08)

## I.   INTRODUCTION

On August 20, 2008, plaintiff Jose Estrada filed suit against defendants In-N-Out Burgers and Does 1-10 in Los Angeles County Superior Court alleging that defendants violated the California Disabled Persons Act, Cal. Civ. Code. §§ 54, 54.1. On September 30, 2008, plaintiff filed a first amended complaint ("FAC") against defendants In-N-Out Burgers and Does 1-10 in Los Angeles County Superior Court alleging that defendants were in violation of the California Disabled Persons Act because one of defendants' restaurants did not comply with Americans with Disabilities Act of 1990 ("ADA"), and the ADA Standards for Accessible Designs §§ 4.24 *et seq.* and 4.32 *et seq.* Plaintiff seeks $1,000 for each violation of Cal. Civ. Code §§ 54 and 54.1, attorneys' fees, and costs. On October 21, 2008, defendant In-N-Out Burgers timely removed this action to this Court.

Plaintiff, who is wheelchair-bound, alleges that on January 10, 2008, he patronized one of defendants' restaurants, located at 9070 Whittier Boulevard, Pico Riviera, California, and could not use any of the dining tables because "they failed to provide any clear floor or knee clearance due to chairs that were bolted to the ground immediately next to the tables." FAC ¶¶ 2, 5-6.

On November 21, 2008, plaintiff filed the instant motion to remand this case to Los Angeles County Superior Court. On December 8, 2008, defendant In-N-Out Burgers filed its opposition. This Court held a hearing on December 22, 2008. After carefully considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 08-6934 CAS (VBKx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | JOSE ESTRADA v. IN-N-OUT BURGER | | |

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Federal Courts have jurisdiction over all civil actions that "arise under" the Constitution or laws of the United States. 28 U.S.C. § 1331. Federal courts have federal question jurisdiction over (1) cases in which federal law creates a cause of action and (2) cases where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 13 (1983). However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813 (1986). Courts should approach the issue of federal question jurisdiction as one requiring "sensitive judgments about congressional intent, judicial power, and the federal question." Id. at 810.

## III. DISCUSSION

Plaintiff argues that federal question jurisdiction over a state law claim is not created "just because a violation of federal law is an element of the state law claim." Mot. at 5 (citing Wander v. Kaus, 304 F.3d 856, 859-60 (9th Cir. 2002)). Plaintiff further argues that when a state statute incorporates a federal statute in defining a state law, a federal question is not thereby created. Id. at 858. Plaintiff contends that "[t]o establish a rule that treats state disability claims under laws that incorporate the ADA as federal questions would greatly expand federal jurisdiction over state disability law and disrupt the balance between federal and state courts."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 08-6934 CAS (VBKx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | JOSE ESTRADA v. IN-N-OUT BURGER | | |

Defendant responds that plaintiff chose to base his claim on violations of federal law and federal guidelines and therefore his claim arises under federal law. Opp'n at 3 (citing 28 U.S.C. § 1331; Merrell Dow, 478 U.S. at 808). Defendant further argues that plaintiff's reliance on Wander is misplaced because in that case plaintiff's ADA claim was dismissed as moot because the original owner of the subject property transferred ownership during the proceedings. Id. (citing Wander, 304 F.3d at 859). Defendant contends that it is still the owner of the subject property and therefore Wander does not apply. Id.

The Court concludes that it does not have subject matter jurisdiction over plaintiff's claims because they do not arise under federal law. In Merrell Dow, the Supreme Court concluded that

> [T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

478 U.S. at 814. Although plaintiff's claims are premised on violations of the ADA, plaintiff brought these claims pursuant to the California Disabled Persons Act. Here, as in Merrell Dow, Congress chose not to provide the damages remedy which plaintiff seeks. Jaraith v. Dyer, 154 F.3d 1280, 1283 (11th Cir. 1998). Therefore, the Court concludes that "the congressional intent not to provide a private damages remedy for this kind of ADA violation is, in the instant case, just as it was in Merrell Dow . . . insufficiently 'substantial' to confer federal-question jurisdiction." Id. Although a private right of action for injunctive relief exists under the ADA, plaintiff is only seeking damages and it is undisputed that there is no private right of action for damages under the ADA. Id.

Similarly, in Wander, the Ninth Circuit concluded that "[this] case is materially indistinguishable from Merrell Dow. . . .Wander would have the federal court exercise jurisdiction over his state-law damage suit, premised on a violation of the ADA, even though Congress intended that such ADA violations not give rise to a federal cause of action for damages." 304 F.3d at 859. While the court in Wander dismissed plaintiff's ADA claim for injunctive relief as moot, the same logic applies to this case because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 08-6934 CAS (VBKx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | JOSE ESTRADA v. IN-N-OUT BURGER | | |

plaintiff is not seeking injunctive relief under the ADA.  Furthermore, defendant's contention that injunctive relief "remains, at least in theory, an available remedy" is unavailing because in determining jurisdiction, federal courts are to consider "only what necessarily appears in the plaintiff's statement of his or her claim."  Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial §2:116.

**IV.   CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS plaintiff's motion for remand.

IT IS SO ORDERED.

00 : 01

Initials of Preparer     CMJ